TAYLOR PACKING CO. v. BOLITHO.   (No. 5775.)

(Supreme Court, Appellate Division, First Department.   May 15, 1914.)

ATTACHMENT (§ 97*)—CIVIL ACTION—AFFIDAVIT—INFORMATION AND BELIEF.
An affidavit alleging on information and belief that defendant converted cash slips amounting to $10,000, which slips were turned in by plaintiff's drivers, and abstracted from the safe an amount represented by the slips, is insufficient on which to base a warrant of attachment, where the source of the information is not given, and no facts stated which would justify the charge, except a charge stating facts as to the abstracting of a small amount from the safe.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 245–250; Dec. Dig. § 97.*]

Appeal from Special Term, New York County.

Action by the Taylor Packing Company against William Y. Bolitho. From an order denying a motion to vacate a warrant of attachment, defendant appeals. Order reversed, and motion to vacate warrant granted.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOWLING, and HOTCHKISS, JJ.

August C. Streitwolf, of New York City, for appellant.

Felix A. Donnelly, of New York City, for respondent.

DOWLING, J.   The affidavit upon which the warrant of attachment was heretofore issued herein was that of Willard B. Taylor, the treasurer of the plaintiff, which is a foreign corporation. He set forth that the defendant had been in the employ of the plaintiff for upwards of two years as a bookkeeper, and in such capacity had charge of the books of said company and received certain slips from its drivers representing cash sales, it being his duty to enter the amount thereof upon the books of the company, which, when the total of the entries was made, should equal the total sums received in cash from the drivers. It is then alleged upon information and belief that, instead of filing said slips, the defendant wrongfully kept them himself, and that the aggregate sum represented by said slips amounted to $10,000; that thereafter the defendant wrongfully went to the safe belonging to the company, to which he had no right of access, and abstracted therefrom moneys of a sum corresponding to the total amount of slips retained by him, to wit, the sum of $10,000; and that the defendant has wrongfully converted same to his own use.

For the charge thus made upon information and belief, the source of information is not disclosed, nor any facts set forth which would justify the charge thus stated. The only specific fact alleged, also stated upon information and belief (the source being disclosed as the brother and cousin of the deponent), is that on December 30, 1913, the defendant opened a safe belonging to the plaintiff and abstracted therefrom moneys to the amount of $6.25, some of which was marked, and, being afterwards found upon the person of the defendant, he admitted the unlawful taking of this money from the plaintiff company's safe. It further appears that, when the said Taylor swore

out a warrant for the arrest of the defendant at Atlantic City, N. J., he charged him with the embezzlement and conversion of $65 only.

The papers submitted upon the application for the original warrant of attachment were entirely insufficient to justify the granting thereof, and the order appealed from will therefore be reversed, with $10 costs and disbursements, and the motion to vacate the warrant of attachment will be granted, with $10 costs. All concur.